FILED

2014 NOV 25 PM 2: 23

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: TM  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KENT KEIGWIN, | CASE NO. 14-cv-1137 BEN (MDD) |
|---|---|
| Petitioner, | **ORDER GRANTING PETITIONER'S MOTIONS TO WITHDRAW PETITION FOR HABEAS CORPUS** |
| v. | |
| JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation, | [Docket Nos. 11, 15] |
| Respondent. | |

Currently pending before this Court is Petitioner's request to dismiss without prejudice his Petition for Writ of Habeas Corpus while he returns to state court to exhaust four additional claims. (Docket Nos. 11, 15). After reviewing the Petition and briefs, the Court hereby **GRANTS** Plaintiff's motions to withdraw his Petition without prejudice.

## I.  BACKGROUND

On November 18, 2011, a jury in San Diego County Superior Court found Petitioner guilty of murder (Cal. Penal Code § 187(a)), two counts of identity theft (Cal. Penal Code §530.5(a)), attempted grand theft (Cal. Penal Code § 664/487(a)), burglary (Cal. Penal Code § 459), and forgery (Cal. Penal Code § 470(d)). (Pet. Ex. A). The jury also found true allegations that Petitioner committed murder for

financial gain and during the commission of a felony (Cal. Penal Code §190.2(a)(1) and (17)), committed two or more offenses involving the taking of more than $100,000 (Cal Penal Code § 186.11(a)(3)), committed two or more offenses involving the taking of more than $500,000 (Cal. Penal Code § 186.11(a)(2)), and that the loss to the victim exceeded $3,200,000 (Cal. Penal Code § 12022.6(a)(4)). (*Id.*) The trial court sentenced Petitioner to life in state prison without the possibility of parole. (*Id.*)

Petitioner appealed to the Fourth District Court of Appeal, Division Two. (*Id.*) The California Court of Appeal affirmed the judgment in an unpublished opinion. (*Id.*) Petitioner filed a Petition for review in the California Supreme Court. (Pet. 2). On January 21, 2014, the California Supreme Court denied the Petition. (*Id.*)

On May 5, 2014, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). The Petition asserts an exhausted claim that the trial court violated Petitioner's Fourth Amendment rights by failing to suppress a search warrant, and consequently admitting evidence obtained from his cell phone and a safety deposit box. (Docket No. 1).

On July 31, 2014, Petitioner filed his first motion to stay or withdraw his Petition, and on August 22, 2014, Petitioner filed a second motion to stay or withdraw his Petition. (Docket Nos. 11, 15). In both motions, Petitioner asks that his Petition for Writ of Habeas Corpus be dismissed without prejudice so that he may fully exhaust his state law remedy. (*Id.*) Petitioner seeks to exhaust four new claims not included in his original Petition: (1) that detectives recorded their interviews with him, but failed to read Petitioner his rights; (2) that a handwriting sample was collected from Petitioner during the trial—a Fifth Amendment violation; (3) that counsel failed to challenge information taken from Petitioner's computer; and (4) that an ineffective assistance of trial counsel challenge was never raised by his appellate counsel. (Docket No. 15, at 4-6). Respondent filed an

opposition to Plaintiff's motions to stay or withdraw on October 21, 2014. (Docket No. 21). Petitioner filed his reply on November 5, 2014, in which he emphasized that he "has sufficient time remaining on his AEDPA deadline," and is therefore seeking a dismissal without prejudice rather than a stay. (Docket No. 22).

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. 28 U.S.C. § 2254. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust their state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[ ]' his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[ ] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). AEDPA has two main purposes: (1) to "reduce delays in executing state and federal criminal sentences," and (2) to "streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

Generally, claims under AEDPA are subject to a one year statute of limitations. 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement in the record] are in compliance with the applicable laws and rules governing filings."). However, the filing of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

///

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court noted that mixed petitions should be dismissed, but "specifically provided habeas petitioners with the *option* of amending their applications to delete unexhausted claims rather than suffering dismissal." *Calderon v. U.S. Dist. Ct. for N. Dist. of Cal.*, 134 F.3d 981, 986 (9th Cir. 1998) (discussing *Rose*, 455 U.S. at 520) (emphasis added).

### III. DISCUSSION

Petitioner requests that his Petition be dismissed without prejudice to allow him the opportunity to exhaust additional claims in the state courts. Petitioner urges this Court to apply the "total exhaustion rule" set forth in *Rose* and dismiss this Petition without prejudice, which would allow Petitioner to file a new Petition after the requisite exhaustion. (Docket No. 15, at 5). Plaintiff asserts that the one year AEDPA deadline has not expired in this case, and that, as of the date he filed his second motion, 235 days remained of the one year statute of limitations. (*Id.* at 6). Petitioner also stated that he anticipated filing his state habeas corpus petition by the end of September or early October, "which would, in turn, stop this time from running." (*Id.*) Although the Court makes no findings as to the accuracy of Petitioner's assertions, Petitioner's briefs demonstrate that he has sufficient command of the law and facts, and is aware of the serious potential risks he faces as a result of his choice to seek a dismissal without prejudice of the federal petition while pursuing his state remedy. (*See also* Docket No. 4 (Notice Regarding Possible Failure to Exhaust and One Year Statute of Limitations)).

### IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's motions to withdraw his Petition without prejudice. The Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: November __, 2014

HON. ROGER T. BENITEZ
United States District Judge